**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES E. GRAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 4:08CV895-DJS |
| | ) | |
| STEVE LARKINS, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This matter is before the Court on the report and recommendation of the United States magistrate judge [Doc. #20], recommending denial of petitioner Charles E. Gray's petition for a writ of habeas corpus [Doc. #1], motion for an evidentiary hearing [Doc. #14], motion for production of documents and/or Rule 11 sanctions [Doc. #15], and motion for compliance of discovery and production of documents [Doc. #18], and petitioner's objections to the report and recommendation [Doc. #23]. The Court will also consider petitioner's motion for de novo review [Doc. #22]. Pursuant to 28 U.S.C. § 636, the Court will conduct a de novo review of those portions of the report and recommendation to which specific objections are made.

### Background

On August 17, 2001, a jury in the Circuit Court of the City of St. Louis, Missouri found petitioner guilty of second-degree murder, armed criminal action, and first-degree robbery.

Doc. #20, p. 1. On October 14, 2001, petitioner was sentenced as a prior offender to life imprisonment for the murder, life imprisonment for the armed criminal action, to run consecutively with the murder conviction, and life imprisonment for the robbery, to run concurrently with the other convictions. Id.

On direct appeal, the Missouri Court of Appeals affirmed the convictions. Id. Petitioner moved for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. Id. The Circuit Court denied the motion and petitioner's request for an evidentiary hearing. Doc. #20, p. 2. The Missouri Court of Appeals affirmed. Id. In its memorandum supplementing its opinion on direct appeal from the convictions, the Missouri Court of Appeals described the facts indicated by the evidence viewed in the light most favorable to the verdict:

> On November 11, 1998, Betty Logan (Witness) was at a friend's house when she heard several gunshots coming from outside. Knowing her nephew, Lamont Logan (Victim), was outside waiting for her, she rushed to see if he was all right. As she stepped outside, she saw Victim laying on the ground next to his car. She saw [petitioner], who she knew from the neighborhood as "Little Charles," bend over Victim and go through his pockets. [Petitioner] then stood up and shot Victim twice, killing him. When the police arrived, Witness intentionally lied to the police and accused another man, because she intended to seek revenge upon [petitioner] by killing him or having him killed. Witness later recanted her prior accusation and informed the police that [petitioner] shot Victim and identified him in a photographic lineup. The police arrested [petitioner] and Witness then identified him in a live lineup.
> When confronted with this information, [petitioner] confessed to the killing. He stated that he and his uncle, Vince Byers, intended to rob Victim. So, they approached Victim's parked car as he was entering

2

it. They ordered him to give them his money and his dope. Victim pulled out a handgun and pointed it at [petitioner]. Byers, who also had a handgun, slid his gun across the car roof to [petitioner]. [Petitioner] took the gun and shot Victim several times. Victim slumped across the car seat, dropped his gun, and stated, "I can't move my legs." [Petitioner] picked up Victim's gun and shot Victim in the stomach and the head with it. He then removed $230 from Victim's pants pocket.

Id.

## Instant Petition

The instant petition for writ of habeas corpus was filed in this Court on June 18, 2008. Petitioner raises two bases for relief pursuant to 28 U.S.C. § 2254:

1. The trial court erred when it overruled petitioner's hearsay objection to Medical Examiner Phillip Burch's testimony concerning a police report which stated that a black skull cap was found at the crime scene.

2. Petitioner received constitutionally ineffective assistance of counsel because his appellate counsel failed to raise on appeal that a juror had fallen asleep during at least a portion of his trial.

The magistrate issued his report and recommendation on March 16, 2009, in which he analyzes both grounds for relief. After a thorough analysis, the magistrate recommends that petitioner's writ of habeas corpus be denied.

## Standard of Review

As stated above, pursuant to 28 U.S.C. § 636(b)(1), the

Court gives de novo consideration to those portions of the report and recommendation to which objections are made. In order to trigger such review, however, the objections must be sufficiently specific, addressing particular findings or conclusions of the magistrate judge or asserting specific allegations of error. See, e.g., Nabors v. United States, 929 F.2d 354, 355 (8th Cir. 1990); Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989) (citing Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984)). "[P]roviding a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." Goney, 749 F.2d at 7.

**Petitioner's Objections**

Petitioner states that the magistrate incorrectly concluded that petitioner was not prejudiced by Dr. Burch's testimony. With respect to Ground 2, petitioner argues that the magistrate incorrectly found that the sleeping juror was removed. The Court will address these objections below.

**Ground 1**

In Ground 1, petitioner asserts that he was denied his rights to due process, confrontation, and a fair trial, in violation of the Fifth, Sixth, and Fourteenth Amendments when the trial court overruled his objection to Dr. Burch's testimony concerning a police report that stated that a black skull cap was

4

found at the crime scene and that the owner of the skull cap was unknown.  Assuming that it was constitutional error for the trial court to allow Dr. Burch's hearsay testimony, to overturn a criminal conviction through habeas review, petitioner must show that the constitutional error had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993).  This standard applies to federal habeas review of federal constitutional violations which resulted in state criminal convictions.  Fry v. Pliler, 551 U.S. 112, 121-22 (2007).

In his objections, petitioner argues that the magistrate incorrectly concluded that he was not prejudiced by Dr. Burch's testimony.  Petitioner asserts that the magistrate overlooked a central problem with allowing Dr. Burch to testify to the contents of a police report which was not prepared by him.  Petitioner argues prejudice occurred in that Dr. Burch's testimony that the owner of the skull cap at the scene of the crime was unknown provided the jurors with a reasonable explanation for lack of investigation and testing of the skull cap and allowed the jurors to believe that this lack of investigation and testing was not due to police contrivance to frame petitioner for the crime.  He also argues he was prejudiced because he could not question Dr. Burch about the report because Dr. Burch did not prepare it.

The Court finds that the admission of Dr. Burch's hearsay testimony was a harmless error and may have even been an error that

was helpful to petitioner.  Petitioner argues that Dr. Burch's testimony provided the jurors with a reasonable explanation for the lack of investigation and testing of the skull cap.  Broken down, petitioner's argument amounts to: the owner is unknown, so it is reasonable not to determine the owner.  The Court does not believe a jury would accept testimony that the owner of a piece of evidence is unknown as a reasonable excuse for failing to determine its owner.  Accordingly, contrary to petitioner's objection, the Court believes the testimony actually bolstered petitioner's arguments that the police investigation was faulty and that he was framed.  Indeed, with the prosecution introducing the evidence that the owner of the skull cap was unknown, petitioner was able to point to a specific lead that the police failed to investigate.

Nevertheless, even if Dr. Burch's testimony did prejudice petitioner, it is not sufficient for him to establish just any degree of prejudice; he must show that the prejudice had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht, 507 U.S. at 623.  The Court finds that any prejudice caused by Dr. Burch's testimony did not have a substantial and injurious effect or influence in determining the jury's verdict.  First, under Missouri law, the state is not required to account for its failure to gather or present items of physical evidence, State v. Schneider, 736 S.W.2d 392, 402 (Mo. 1987) (en banc), so if the jury was presented a reasonable explanation for why the police did not investigate the owner of the

6

skull cap, it would not serve to cure a defect in the presentation of the state's case. The prejudice, if any, would then have to come from foreclosing a defense. But Dr. Burch's testimony did not prevent petitioner from pursuing his faulty-investigation and framing theories. Furthermore, the Court believes that petitioner's initial confession, his subsequent videotaped confession, and the eye-witness identification of petitioner were strong enough evidence of petitioner's guilt that any prejudice caused by Dr. Burch's testimony would be minimal and would not rise to the level of having a substantial and injurious effect.

**Ground 2**

To prevail on a claim of ineffective assistance of appellate counsel, petitioner must show that his appellate counsel's performance was deficient as a matter of constitutional law and that petitioner was prejudiced by the deficient performance. See Smith v. Robbins, 528 U.S. 259, 285-86 (2000); see also Strickland v. Washington, 466 U.S. 668, 687 (1984). A constitutionally deficient performance is one that falls "outside the wide range of professionally competent assistance." Id. at 690. A defendant is prejudiced by deficient performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Appellate counsel need not and should not raise every nonfrivolous claim, but rather may strategically select points to

7

appeal that will maximize the likelihood of success. <u>Jones v. Barnes</u>, 463 U.S. 745, 750-54 (1983). "When appellate counsel competently asserts some claims on a defendant's behalf, it is difficult to sustain a ineffective assistance claim based on allegations that counsel was deficient for failing to assert some other claims." <u>Link v. Luebbers</u>, 469 F.3d 1197, 1205 (8th Cir. 2006). "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" <u>Id.</u> (quoting <u>Smith</u>, 528 U.S. at 288).

On direct appeal, petitioner's counsel raised the issue of Dr. Burch's testimony discussed above, and petitioner has not challenged the effectiveness of his counsel in her pursuit of that claim. Petitioner claims his appellate counsel was ineffective by failing to argue on appeal that one of the jurors was asleep during trial. He objects to the magistrate's finding that counsel was not ineffective for failing to raise this argument. Petitioner specifically objects to the portion of the magistrate's recommendation in which the magistrate finds that the sleeping juror was, in fact, removed. Petitioner maintains that, whereas the record indicates that Juror Number 1333 was dismissed, it was Juror Number 9 who was sleeping during the trial.

The Court finds that petitioner's claim of ineffective assistance of appellate counsel fails for two reasons. First, petitioner does not compare the strength of this sleeping-juror claim with that of the Dr. Burch claim. As a result, he cannot

8

overcome the presumption that appellate counsel acted properly in making a strategic decision to focus on the Dr. Burch claim, and his petition under § 2254 must be denied on this basis. Link, 469 F.3d at 1205.

A second, independent basis for denying petitioner's petition is that he is unable to establish prejudice by his counsel's failure to raise the sleeping-juror issue. See id. The magistrate concluded that petitioner was not prejudiced by his appellate counsel's failure to raise the sleeping-juror argument because the sleeping juror was, in fact, removed so that the sleeping-juror argument would have had no merit if it had been raised on appeal. Petitioner objects that the magistrate's decision is based on the erroneous conclusion that the sleeping juror was removed.

A federal court will not grant habeas relief "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim ... resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e).

Petitioner previously raised the sleeping-juror-ineffective-assistance argument in his motion for post-conviction relief and the appeal from the denial of that motion. The state courts' decisions in those proceedings constituted adjudications on the merits. The post-conviction-relief court and appellate court concluded that the sleeping juror had, in fact, been removed. This Court must give deference to these state courts' factual findings as to what transpired in the trial court so long as their findings have support in the record. Parker v. Dugger, 498 U.S. 308, 320 (1991).

Having carefully reviewed the record, petitioner has not presented clear and convincing evidence that the sleeping juror was not removed. Furthermore, it was not unreasonable for the state courts to determine that the juror identified as sleeping one afternoon was the same juror who was removed the following morning. Indeed, the trial judge remarked that he was going to put off the decision as to whether to remove the sleeping juror until the following morning. The record does not reflect the judge considering removing any jurors for any other reasons.

Having found that petitioner's objection to the magistrate's report should be overruled, the Court finds that the magistrate correctly determined that petitioner has not shown a reasonable probability that he would have prevailed on appeal if his counsel had raised the sleeping-juror issue.

**Motion for Evidentiary Hearing**

In his objections, petitioner asserts that the magistrate should have allowed an evidentiary hearing to determine whether the sleeping juror was dismissed. A federal habeas petitioner is not entitled to a hearing where the record clearly indicates that his claims are either barred from review or without merit. Wilson v. Kemna, 12 F.3d 145, 146 (8th Cir. 1994).

Here, it is clear from the record that petitioner's ineffective assistance of appellate counsel claim is without merit. As discussed above, petitioner failed to present an argument comparing the relative merits of the Dr. Burch claim and the sleeping-juror claim, and thus, cannot overcome the presumption that his appellate counsel made an appropriate strategic decision to appeal the Dr. Burch claim but not the sleeping-juror claim. Thus, the Court concludes that the magistrate properly denied petitioner's motion for an evidentiary hearing.

**Motion for Production of Documents and/or Rule 11 Sanctions**

Petitioner also objects to the magistrate's denial of his motion for the production of documents, or in the alternative, Rule 11 sanctions, to allow him to obtain the names of the jurors. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Discovery is appropriate where specific allegations before the court show reason

to believe that petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief.  Id. at 908-09.

Here, petitioner's ineffective assistance of appellate counsel claim is without merit for the reasons previously stated.  Discovery of the jurors' names would not enable him to demonstrate that he is entitled to relief.  Thus, the Court concludes that the magistrate properly denied petitioner's motion for production of documents and/or Rule 11 sanctions.

**Motion for Compliance of Discovery and Production of Documents**

To the extent that petitioner objects to the denial of his motion for compliance of discovery and production of documents [Doc. #18], the Court finds that the magistrate properly denied the motion because petitioner was not entitled to discovery.

**Motion for De Novo Review**

In conjunction with his objections to the magistrate's report and recommendation, petitioner filed a motion for de novo review [Doc. #22] of the entire record in this case.  The Court was required to, and did, conduct a de novo review of those matters specifically objected to by petitioner.  Accordingly, petitioner's motion will be denied as moot.

**Conclusion**

This Court has reviewed the record, the petition, the magistrate's report and recommendation, and petitioner's objections

thereto. The Court finds that the report and recommendation sets forth a correct analysis of the issues raised in the petition. Petitioner's objections to the report and recommendation are without merit and are denied in their entirety, and the Court will adopt the report and recommendation of the magistrate. Accordingly,

**IT IS HEREBY ORDERED** that petitioner's objections to the report and recommendation [Doc. #23] are overruled.

**IT IS FURTHER ORDERED** that the magistrate's report and recommendation [Doc. #20] is hereby accepted and adopted.

**IT IS FURTHER ORDERED** that petitioner's motion for de novo review [Doc. #22] is denied as moot.

**IT IS FURTHER ORDERED** that the petition of Charles Gray for a writ of habeas corpus under 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that no certificate of appealability shall be issued.

Dated this ___11th___ day of March, 2010.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE